ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 OCT -3  AM 10: 42

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL ANTHONY BROWN,          )
                                )
        Petitioner,              )
                                )
v.                              )   CV 106-140
                                )   (Formerly CR 103-021)
UNITED STATES OF AMERICA,       )
                                )
        Respondent.              )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Michael Anthony Brown ("Petitioner"), an inmate currently confined at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

### I. DISCUSSION

**A.    Procedural Background**

A grand jury in the Southern District of Georgia indicted Petitioner on possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) (count 1), possession of

a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (count 2), possession of a firearm by a convicted felon, 18 U.S.C. § 924(g) (count 3), and possession of a firearm with an obliterated serial number, 18 U.S.C. § 924(k) (count 4). (United States v. Brown, CR 103-021 (S.D. Ga. Apr. 4, 2003) (*hereinafter* "CR 103-021"), doc. no. 1). Petitioner, with the assistance of counsel, entered into a negotiated plea agreement, and on August 8, 2003, the Honorable Dudley H. Bowen, Jr., United States District Judge, accepted Petitioner's guilty plea as to counts one and three.[1] (Id. at doc. nos. 13-15). On October 10, 2003, Judge Bowen sentenced Petitioner to a total of 104 months of imprisonment, 5 years of supervised release, and a $200 special assessment; the judgment was entered on October 17, 2003. (Id. at doc. no. 17). Petitioner did not file an appeal, and therefore his conviction became final on October 31, 2003, when the ten-day period for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a)(2); see also Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (*per curiam*) (where a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires).

Petitioner executed the instant § 2255 motion on September 4, 2006, and it was filed by the Clerk of this Court on September 11, 2006. (CR 103-021, doc. no. 22). Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court construes the date of Petitioner's signature as the date of delivery to prison officials, see Adams, 173 F.3d at 1341, and therefore deems the § 2255 motion as filed on September 4, 2006.

---

[1] Counts two and four were dismissed. (CR 103-021, doc. nos. 13-15).

2

In his motion, Petitioner claims that (1) the government "lacked jurisdiction," (2) Congress had no authority to enact the drug law under which he was convicted, (3) Congress had no authority to enact the firearms law under which he was convicted, and (4) his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005). (CR 103-021, doc. no. 22, pp. 5-9).

**B.     Statute of Limitations**

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Notably, the Eleventh Circuit has held that under the proper circumstances, equitable tolling of the statute of limitations period in § 2255 may be appropriate. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). Equitable tolling can be applied when "extraordinary circumstances that are both beyond [a petitioner's]

3

control and unavoidable even with diligence" have worked to prevent a timely filing. Id. (citing Drew v. Department of Corrs., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003).[2]

Here, there is no question that Petitioner's § 2255 motion was filed outside of the one-year statute of limitations period. The judgment in Petitioner's criminal case was entered on October 17, 2003. Because Petitioner did not appeal, his conviction became final ten days later, and Petitioner had one-year from that date to file his § 2255 motion. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining conviction that was not appealed becomes final ten days after the entry of judgment). Although Petitioner implicitly argues that the statute of limitations period should not have started running until the Supreme Court decided Booker, Booker is not retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 312 (2005). Therefore, the proper triggering date for the statute of limitations period is the date Petitioner's conviction became final. Because Petitioner's

---

[2] It should be noted that a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). However, in the case at bar, Petitioner has not made an allegation of actual innocence.

4

§ 2255 motion was not filed until September 4, 2006, almost two years after the statute of limitations period expired, the instant motion is untimely.

As to equitable tolling, Petitioner claims that "jurisdiction questions can be raised at any time," and "it's newly discovered evidence that was not previously available." (CR 103-021, doc. no. 22, p. 13). However, Petitioner's arguments as to jurisdiction are conclusory and fail to specifically state why the government lacked jurisdiction or why Congress did not have the authority to enact the laws under which he was convicted. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (mere conclusory claims and allegations unsupported by specifics are insufficient to entitle a petitioner to habeas relief). Although Petitioner has attached a memorandum of law, which is merely a hornbook review of federal judicial authority, as well as an index of the Constitution, these attachments do not outline Petitioner's specific arguments as to why the government and/or Congress "lacked jurisdiction" or otherwise was without authority to enact the laws under which he was convicted. Accordingly, Petitioner is not entitled to equitable tolling.

## II. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 3rd day of October, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE